This case is Veveo, Inc. v. Comcast Cable Communications, 2018-24-22. I'll let everyone who's sat down. Ms. Kelly can begin. Please proceed. Thank you. Good morning, Your Honors. May it please the Court. Christina Caggiano-Kelly on behalf of Appellant Veveo. The Board committed legal error in this case by applying a hindsight bias in its obviousness analysis. The Board essentially took two divergent prior art references, Gross and Smith. It deconstructed these references into pieces of their functionality and then reassembled those pieces to create an entirely new algorithm that isn't disclosed in either of these references or their combination. It used the 696 patents claimed associating step as a blueprint for doing so. The Board essentially took the content item descriptors out of Gross. It put them into the mapping index in Smith, but in order to do so had to use Gross' concept of incremental searching in order to further deconstruct those descriptors into prefixes. Isn't that what findings of obviousness based on combinations of references do? One looks at what one reference teaches and what the other teaches and whether there's a motivation to combine them? Yes, that is the obviousness analysis and the law of obviousness governs basically where you draw the line between properly combining references and improperly using hindsight bias and the claim as a blueprint to essentially reengineer the prior art and arrive at the disputed claims without any particular motivation or teaching in the art that would tell you to do so. That's what makes this an ultimate legal conclusion because in this case there are some small disputes, but there isn't much dispute over what the prior art discloses. There isn't a battle of the experts. There isn't a whole lot that we need to look at as far as underlying findings of fact to which this court should defer to what the board found below. This is an exercise in what does it mean to properly conduct an obviousness analysis. Do I understand correctly, as you said, you don't dispute the board's findings on what the prior art teaches? You don't dispute the board's finding that there's a motivation to combine? No, we do dispute the board's finding that there is a motivation to combine, and we do dispute, for instance, that the board found that the Smith reference anticipates or teaches prefixes. We think that a reading of that reference, that's not a correct reading of that reference. But ultimately, even if you were to accept what the board did here, there wasn't a motivation to combine these references in the way that the board combined them. We don't dispute, for instance, that Gross mentions performing its algorithm on a wireless telephone and that Smith discloses a wireless telephone. But if one were to look at Gross and say, oh, here's my motivation to combine it with Smith, as both experts below admitted, the way you would combine them is by using methods that were known at the time of disambiguation, such as multitap or T9, and that would be how you could combine those references. Essentially, you would use a disambiguation on Smith's keypad. You would get to your search term, and then if you put that search term into Gross, you could then use Gross's index, and it would work. That's not the algorithm that is claimed here. Instead, in order to combine them the way the board combined them, which was improper and for which there was no motivation, is the board deconstructed everything and reengineered an entirely new direct mapping algorithm, and nothing in Gross or Smith discloses anything that would teach you a direct mapping algorithm that takes you from the starting point of ambiguous prefixes, goes through descriptor searching on an incremental basis, and then gets you to content items. I have a question just about our standard of review. I noticed that your brief didn't refer to substantial evidence anywhere. What do you think is our standard of review? You say this is a legal issue, but for us to dispute things like the underlying or for you to dispute the underlying findings of fact about what the prior teaches and even if there's a motivation to combine, those are questions of fact reviewed for substantial evidence. How do you deal with that? To the extent that the court feels that the only way to reach this ultimate legal issue or to find in Vivio's favor on the ultimate legal issue would be to reverse specific factual findings of the board, then that part would be substantial evidence review. We can't do that because you didn't argue it. Well, because in Vivio's articulation of what this argument is, this is an entirely legal analysis of what is hindsight bias. And I think if you look at hindsight bias and you look at what cases like Cyclobenzaprine and Yamanuchi tell us about using the claims as a blueprint, that is all this court needs to reverse what the board did here because nothing about what the board did is a proper obviousness analysis. And though there are some underlying disputes like whether Smith discloses a prefix, ultimately that doesn't matter because even if you interpret the Smith reference the way the board interprets it, the obviousness analysis ultimately is still improper because they're still using the claim as a blueprint and reengineering the prior art in order to make it fit, in order to arrive at the claims. And I don't think we need to overturn any particular underlying findings in order to do that. But once you look at the hindsight bias that the board had in piecing together all of the divergent elements that arrived at the claim, you can see that it is a very strained fit for certain elements. And I think that's really the point that we're making. It is a very strained fit. Well, a strained fit doesn't overcome a substantial evidence review. And that's why we're not advocating that the court reverse anything on substantial evidence. Honestly, I don't understand your argument. Your argument to me is we don't think there's substantial evidence for the motivation combined here. I understand that you're attempting to morph that into some sort of legal argument, but I truly don't see any legal argument embedded in what you're arguing. Well, ultimately, you throw away the term hindsight bias. Hindsight bias is the reason that we have the obviousness test because we're concerned about hindsight bias. It's not somehow a separate component of obviousness that we independently analyze. It is what the four parts of the Graham v. John Deere test exist to hopefully prevent. And so I just don't understand. You're acting like hindsight bias is the fifth prong of the obviousness test. I really don't get it. Hindsight bias is not itself a prong of the test, but hindsight bias, again, as you said, it is what the Graham factors exist to prevent. It is what makes obviousness ultimately a question of law. So if after resolving... Hindsight bias is not what makes obviousness ultimately a question of law? I don't even know where you got that from. Well, the ultimate legal... It's just made up. Well, the ultimate legal analysis in obviousness, it is ultimately a legal conclusion. Correct. It is based on underlying... But it's not because, oh, let's make it a question of law because of hindsight bias. I don't understand that. That's part of... So avoiding hindsight bias is part of what the underlying findings of fact in Graham are designed to avoid, as you said, which is correct. But ultimately, what constitutes a proper obviousness analysis and what doesn't is a legal question, and hindsight bias informs that legal question. No. And they applied the four Graham versus John Deere factors in this case in a pretty straightforward fashion. They found a motivation to combine. You don't like the results. I mean, you have a shot at convincing me there's no substantial evidence for a motivation to combine here, but I really don't follow or understand your argument that this is somehow a legal question that goes to the heart of whether they applied the wrong obviousness test. I don't see any misapplication of the law here. Well, if there is nothing beyond... I haven't done it, but I don't see how they stated the test wrong or applied it improperly. Well, if once you go through all of the Graham factors, there is nothing else to do but conclude obviousness, then obviousness isn't a question of law anymore. Obviousness becomes simply a question of fact, and Graham factors are completely determinative, and this court would never have de novo review over obviousness, which I don't think is what the case law tells us. Yes, the Graham factors are there. They are the underlying findings of fact that ultimately inform the legal question of obviousness, and they are designed to help avoid slipping into hindsight bias, which would be a legal error. Are you trying to suggest to me that if all four Graham factors point towards obviousness, a court is free to nonetheless conclude there's no obviousness? Because it's a question of law, that seems to be what you're saying. Well, there is an analytical... Just to be clear, if any district court ever listens to this, I will reverse you if you do that. Well, in order then for obviousness to be considered a question of law, there needs to still be some sort of legal analysis as far as when does one conclude that the question was answered correctly and that the Graham factors were properly employed. So that is what it means to be a mixed question of fact and law, which is what obviousness is. And so in order... Once you resolve the underlying factual issues, if there's nothing left to do, then obviousness is not a question of law at all. There has to be some legal oversight to, well, we've looked at the underlying factors. How are we going to apply the knowledge that we gain from answering those underlying questions into answering what is ultimately a legal question? And the case law tells us that using the claim as a blueprint in order to find all of the elements in the prior art and combine them in the way that the claim combines them, that is an improper legal analysis. So I think if the decision then is that once the underlying findings of fact have been found, there is nothing more for the court to do, then obviousness wouldn't be a question of law, which was not what the case law tells us it is. You're into your rebuttal time. You can continue or we'll save it for you. I would like to reserve it. Thank you. Mr. Meeker. Thank you, Your Honor. May it please the court, Fred Meeker with the law firm of Banner Whitcock representing Comcast Cable Communications, LLC. The sole issue appealed by Veveo is whether there is substantial evidence to support the board's conclusion that the claims are obvious in view of the Gross-Smith combination with respect to the associating limitation. The associating limitation in the claims associates strings of overloaded keys with content items. Mr. Meeker, I think I heard the appellant say that they're not relying on substantial evidence or challenging any of the fact findings made by the board. Do you have a different understanding? You know, I heard that as well, Judge Moore, and I'm not sure... That's Judge Stoll. I'm sorry, Judge Stoll. I apologize, Your Honor. I heard that as well, and it's not clear to me that, as I understand her single issue on appeal, if you look at their brief, the single issue on appeal is an issue of whether the associating step is met by the combination. And in their reply, they confirmed that that is the sole issue on appeal, and that associating step, whether it's met by the combination, is a question of substantial evidence. As Your Honor, I think, indicated in your questioning of my friend on the other side, I think that is an issue of substantial evidence. The ultimate conclusion may be a matter of law, but the review here is on substantial evidence. Is the combination met, and is there substantial evidence in the record that that combination is met? Even though the legal conclusion is a question of law, it's based on underlying fact issues. And in this case, the only underlying facts are submitted by our expert. Dr. Fox's original testimony on this issue was provided, and that's starting at 1006. And in particular, the paragraphs related to the motivation to combine are 92 at appendix, I'm sorry, 878, appendix 879, paragraphs 92 to 94 in Fox's rebuttal declaration. There's also substantial evidence 1191 through 1194 discuss that motivation to combine. And I would say there is no evidence on the other side. There's no declaration support on this issue, and there's no evidence supplied opposing that. In the opening brief, they didn't cite any declaration, any expert testimony. They don't need to have an expert, though. I mean, I understand your point. They don't. They can cite to the two references, which they did. Your point is that you're identifying substantial evidence in support of the board's fact determination. But just to clarify, I'm not aware of anything that says that you have to have an expert. I agree. There can be a proof of an absence of a claim element just through the references themselves, not teaching it. I agree. But in this case, normally you would identify a missing limitation, something missing in the record between those two references. And in this case, we have, I believe, substantial evidence to support that. And if you look at their expert they cited in their reply, he actually addresses different issues than hindsight. None of that is addressed in their expert report. If you read their expert report, it doesn't refer to hindsight. It refers to two things, which are, first two are criticisms of their invention. The invention operates with more imprecision, and the second thing is it operates slower. And then they say, well, you would have used multi-tap, which is one of the arguments they made here today, or T9. Just because you could have done it differently, could have come up with a different combination, that doesn't render the combination we provided inappropriate or wrong. And then their third thing was really a mischaracterization of the combination. So they said you could have replaced Gross's index with Smith's index, and that's not what we argued. We argued that you would use Smith to modify the index of Gross. So Gross teaches an index for completed words, car or dog, and an alphanumeric index that translates, and it can be an incremental search, but it's an alphanumeric index, whereas Smith teaches a numeric index. It teaches how do you convert something that's an alphanumeric index into a numeric index. And the court below did hold that Smith teaches prefix as well, because it has single-character search. If you look at the Smith reference, it does teach single-character search, even though we didn't rely on it, and it's not something that was necessary for the decision. But there is the number three as one of the terms, and that is a single-character incremental search, and that's what the board below found as a backup position. So they said even if we had made that combination, which we didn't make, and the board found we didn't make, they said that Smith still teaches incremental searching, and I think that's what they challenge. Let's see here. So, Judge Moore, I think you had mentioned that hindsight bias is not a separate test for obviousness, and we agree with that. The hindsight in this case, A, wasn't really addressed below other than as that is the burden of our combination, not to use hindsight in the combination. And secondly, the entire teaching of Smith is how to convert an alphanumeric index into a numeric index, and it's literally throughout Smith, but particularly in column five of Smith. Okay. So getting back to the sole issue on appeal, which is the associating step, associating overloaded keys to content items, we think that is taught in the Gross-Smith combination. The arguments with respect to whether or not content items are the related or cannot be in the content itself, whether descriptors can't be in the content. So first of all, it doesn't matter for our combination. Gross has descriptors in the content and outside of the content. Gross has two search paths, and one of the search paths is for descriptors that are inside the content, and one of the search paths is for descriptors outside of the content. And in fact, if you go through all of the various flow diagrams in Gross, you'll see that it in fact uses two different determinations, one for descriptors inside and one for descriptors outside. So if you go to, for example, figure 4B, which is appendix 767, there are actually two search paths. So receive search string entered into files main search field, and so that is an incremental search with respect to the content of the files. And it says incremental search below that. And then figure 4B, a separate path, is receive search string in attributes field and then incrementally perform search in the attributes field. So Gross allows you to search on things like date, type of file, as well as the content of the file. So Gross actually teaches both. Gross also teaches prefix strings. So even under Roe v. Constructions or Roe v. Argument of the Interpretation of the Board's Construction, we still win under these references. You mean should win. We should win. That's exactly right, Judge Slory. It seems like you've covered all your points. I really have, Your Honor. Honestly, if there's something else that I can answer, any questions, I'd be happy to answer them. But I think we've covered it all. No demerits from not using up all your time. Okay. Thank you. Ms. Kelly, you have some rebuttal time. Thank you, Your Honor. So the parties can dispute the standard of review. Both standards, substantial evidence and de novo, are listed in the standard of review section in our brief. We advocate that this is ultimately a legal error. We use the terminology of de novo review throughout our brief. But even if this court were to find that ultimately it must apply substantial evidence review, our question presented remains the same. Our arguments remain the same. We characterize them as legal arguments because they go towards the ultimate issue of obviousness as opposed to the underlying gram factors. But either way, the Board committed an error in the way it conducted its analysis. And I think that argument basically remains the same regardless of whether you want to characterize it as substantial evidence review or de novo. Comcast's attorney mentioned that the only facts in identifying substantial evidence, the only facts in the record were those submitted by their expert, Dr. Fox. But Dr. Fox's testimony relies on his opinion that content items and descriptors are the same. And the Board expressly rejected that opinion and stated in its final written decision that it was not relying on Dr. Fox's testimony in that regard. So again, what we're left with is the Board essentially setting aside the opinions of both experts and conducting its own review, but doing so under an improper rubric. Comcast's attorney also said that we did not identify anything in the claims that was actually missing from the combination, but we did. That was the associating step, the step that we discussed throughout our brief. That is the step that is missing, even from the combination. And then also he mentioned that Smith discloses a single character, which is one of what could be characterized as underlying facts. But again, it doesn't matter to the ultimate analysis, but the single character discussed in Smith's index is not a prefix. It is a situation where a full search term happens to be a single character long. And we made that distinction again below. So if the Court has any other questions. Thank you, Counsel. The case is submitted.